UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNIVERSAL TRADING & INVESTMENT CO., INC.,

        Plaintiff,

-against-

YULIA TYMOSHENKO,

        Defendant.
------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 10, 2013

11 Civ. 7877 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On December 12, 2012, this Court dismissed Universal Trading and Investment Co., Inc.'s ("Universal Trading") complaint seeking to recover money awarded to Universal Trading in an earlier case in which Universal Trading obtained a default judgment against United Energy Systems of Ukraine, PFG. Universal Trading & Inv. Co., Inc. v. Tymoshenko, 11 Civ. 7877, 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012). Specifically, the Court found that Universal Trading failed to allege that any agents of Yulia Tymoshenko ("Tymoshenko") took actions in New York on her behalf or that she had conducted business in New York herself. On January 10, 2013, Universal Trading moved to alter or amend the Order, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), by granting leave to amend their complaint.

    "A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Reconsideration of a court's previous order pursuant to Rule 59(e) "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d

713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 613, 614 (S.D.N.Y. 2000)). Such motions are "not intended to allow a party to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment,'" Muze, Inc. v. Digital On-Demand, Inc., No. 00 Civ. 8195, 2003 WL 21359705, at *2 (S.D.N.Y. June 12, 2003) (quoting Supreme oil Co. v. MTA, No. 96 Civ. 5169, 1997 WL 715735, at *1 (S.D.N.Y. Nov. 12, 1997)), and "will generally be denied" unless the movant can point to "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Barclays Bank PLC Sec. Litig., No. 09 Civ. 1989, 2011 WL 2150477, at *1 (S.D.N.Y. May 31, 2011) (quoting Hinds Cnty. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010).

Where the motion is based on new evidence, the movant "must demonstrate that '(1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party [was] excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative of evidence already offered.'" Fidelity Partners, Inc. v. First Trust Co. of N.Y., 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999) (quoting Tufts v. Corp. of Lloyd's, 981 F. Supp. 808, 812 (S.D.N.Y. 1996)).

The Court has reviewed all of Universal Trading's arguments and finds most of them to be without merit. They consist largely of requests to plead previously available evidence,[1] arguments relying on preexisting legal authority,[2] and attempts to relitigate matters upon which

---

[1] See, e.g., Pl.'s Br. at 3-5 (seeking to amend complaint to include default judgment against Bassington); 8-10 (seeking to include myriad facts without explaining why they were not previously available to Universal Trading).

[2] See, e.g., id. at 5-8 (citing Foman v. Davis, 371 U.S. 178, 182 (1962), and Williams v. Citigroup, Inc., 659 F.3d 208 (2d Cir. 2011)); 12 (relying on a "line of cases that . . . goes back decades").

this Court has already ruled.[3] None of these provide valid grounds for reconsideration, but rather attempts to "be afforded two bites at the apple." Fortis Bank S.A./N.V. v. Brookline Financing LLC, No. 10 Civ. 894, 2011 WL 1642468, at *2 (S.D.N.Y. Apr. 27, 2011).

Nevertheless, Universal Trading also argues that it should be allowed to amend its Complaint in connection to its Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. Because both the parties and the Court previously focused on whether there was personal jurisdiction based on Universal Trading's assertion that "[t]his Court has subject matter jurisdiction over the parties because of the diversity of citizenship" (Compl. at ¶ 6), neither party provided detailed analysis of, nor did the Court address, whether there was personal jurisdiction based on Universal Trading's federal cause of action. Universal Trading should not be precluded from presenting such an argument now. Accordingly, Universal Trading's motion to amend its complaint, "including possibly adding . . . New York agents as co-defendants, [which] may cure any defects of asserting jurisdiction under [RICO]" is GRANTED. (Pl.'s Br. at 11.) Only amendments related to its RICO cause of action will be allowed, however, and its motion is DENIED in all other respects. Once an amended complaint has been filed, Tymoshenko may again move to dismiss the amended complaint without first seeking leave of the Court.

The Clerk of Court is directed to reopen this matter and to terminate the motion at docket number 32.

Dated: New York, New York
April 10, 2013

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge

---

[3] See, e.g., id. at 1-2 (challenging Court's denial of prior requests for judicial notice).