**HAMBURG & GOLDEN, P.C.**
Attorneys

1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
goldenjp@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Jodi S. Wilenzik
Shari E. Lewis
Maureen P. Holland

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-13

Writer's Direct Dial:
215-255-8593

September 3, 2013

**BY EMAIL**
CrottyNYSDChambers@nysd.uscourts.gov
Marlon_Ovalles@nysd.uscourts.gov

Honorable Paul A. Crotty
U.S.D.C. for the S.D.N.Y.
United States Courthouse
500 Pearl Street, Chambers 735
New York, NY 10007-1312

9/9/2013
Defendants Vavilov and Tymoshenko may make appropriate Rule 12 motions; provided such motions are made by Friday September 20, 2013. Responses to be made by Friday October 4, 2013, and replies to be made by Friday October 11, 2013. This schedule supersedes any prior schedules for motions imposed by the Court.
So ordered
Paul Crotty
USDJ

   Re:  Universal Trading & Investment Co., Inc. v.
        Tymoshenko, et al., 11-cv-7877 (PAC) - Vavilov's
        Pre-Motion Request Leave To Move To Dismiss

Dear Judge Crotty:

   Matthew Feser and I represent defendant Andrey Vavilov. Vavilov's time to answer or otherwise respond to the amended complaint has been extended to September 9, 2013.

   Pursuant to Your Honor's Individual Practices, Rules 3.B. and 3.D, I request a pre-motion conference to request permission for Vavilov to file a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, 12(b)(6) for failure to state a claim and because Universal Trading & Investment Co., Inc. ("Universal Trading") in amending its complaint, has acted outside the scope of the permission Your Honor gave it, in violation of Rule 15(a)(2). Your Honor allowed:

   > Only amendments related to its RICO cause of action
   > will be allowed, however, and its [Universal
   > Trading's] motion is DENIED in all other respects.

Honorable Paul A. Crotty
September 3, 2013
Page -2-

<u>Universal Trading & Investment Co., Inc. v. Tymoshenko</u>, 2013 WL 1500430, *2 (S.D.N.Y. April 10, 2013).[1]  Your Honor granted this limited right to amend, explaining that "Universal Trading's motion to amend its complaint, 'including possibly adding . . . New York agents as co-defendants, may cure defects of asserting jurisdiction under [RICO]' . . . ."

On June 4, 2013, instead of filing an amended complaint with "only amendments related to its RICO cause of action" Universal Trading filed a complaint that amends every aspect of its original complaint.  The amended complaint, now 58 pages, 297 paragraphs, and 6 counts, seeks collection of the United Energy Systems of Ukraine judgment and collection of a second judgment—the Bassington judgment—the addition of which was expressly prohibited by Your Honor[2], and **adds Vavilov as a defendant NOT on the RICO count (II--the only count permitted to be amended), but instead on the five other counts comprising the amended complaint.**

Vavilov seeks permission to move to dismiss all five counts against him:  Count I--Judgment Debt Recovery Relief Under Turnover Statute; Count III--Unjust Enrichment; Count IV--Constructive Trust And Equitable Lien; Count V--Fraudulent Conveyances; and Count VI--Civil Conspiracy.

Vavilov is not the Tymoshenkos' agent and never was, and Vavilov was not in New York, or the United States, on the day the amended complaint was filed. <u>Pincione v. D'Alfonso</u>, 2011 WL 4089885 (S.D.N.Y. September 13, 2011).  Likewise, the allegations are insufficient to state any direct claim against Vavilov.  Vavilov does not reside in New York, he did not take a bribe from or engage in a conspiracy with the Tymoshenkos, he did not use money ultimately belonging to non-party judgment debtor United Energy to purchase a New York apartment and the amended complaint entirely fails to properly plead any of these allegations.

Vavilov's alleged role is confined to one act, **which Vavilov denies**, which Universal Trading repeats throughout the amended complaint with purposeful vagueness and internal inconsistency, because Universal Trading has no factual support

---

[1] By the April 10, 2013, Opinion and Order, Tymoshenko may move to dismiss the amended complaint without first seeking leave.
[2] <u>Universal Trading & Investment Co., Inc. v. Tymoshenko</u>, 2013 WL 1500430, *1 n.1 (S.D.N.Y. April 10, 2013).

Honorable Paul A. Crotty
September 3, 2013
Page -3-

for this allegation. According to the amended complaint, sometime in 1997 (8 years before Universal Trading obtained the United Energy default judgment and 15 years before Universal Trading obtained the Bassington default judgment), the Tymoshenkos allegedly made a $10 million bribe to Vavilov (¶ 11), and then Vavilov allegedly used $5 million of that $10 million to purchase an apartment in New York at an unspecified location shortly after the alleged 1997 bribe.

Vavilov will move to dismiss on the grounds that this Court lacks personal jurisdiction. Falsely alleged to live in New York, Vavilov resides in Russia. Since Vavilov is not a RICO defendant, state law governs the analysis. This Court does not have personal jurisdiction over Vavilov under NYCPLR § 301 (general jurisdiction). Vavilov does not engage in a continuous and systematic course of doing business in New York, and he is not alleged to do so. Nor can this Court assert specific jurisdiction over Vavilov under NYCPLR § 302; there is no articulable nexus between an apartment allegedly purchased around 1997 and judgments obtained 8 and 12 years later.

Vavilov will also move to dismiss all counts for failure to state a claim. All counts are time-barred by 13 years and fail substantively as well. Universal Trading brought this action 16 years after the cause of action accrued and the statute of limitation on the claims is 3 years. Mass. Gen Laws ch. 260, § 2A. Universal Trading v Credit Suisse, 2012 WL 6186598 (S.D.N.Y. Dec. 12, 2012) (Crotty, J.).

The judgment debtor is not either Tymoshenko, it is United Energy. It appears that Universal Trading (an asset recovery company) does not have a valid assignment of the debt it purports to be collecting, and thus has no standing. Before Universal Trading can sue Vavilov as a fraudulent transferee of assets from the Tymoshenkos, the Tymoshenkos have to be judgment debtors. Universal Trading & Investment Company v. Bureau for Representing Ukrainian Interests In International and Foreign Courts, 898 F. Supp. 301, 312 (D. Mass. 2012), aff'd, 2013 WL 4051880 (1st Cir. August 12, 2013). As attenuated as Universal Trading's collection action is against the Tymoshenkos, it is yet another level removed from Vavilov and should be dismissed.

Honorable Paul A. Crotty
September 3, 2013
Page -4-

                                          Respectfully,

                                          */s/ James P. Golden*

                                          JAMES P. GOLDEN

JPG:jch

cc:  George A. Lambert, Esquire (LawDC10@aol.com)
     Peter A. Joseph, Esquire (peter.joseph72@post.harvard.edu)
     Kenneth F. McCallion, Esquire (kfm@mccallionlaw.com)
     Matthew P. Feser, Esquire (MF@salisburyryan.com)
        All by email and regular mail

**McCallion & Associates, LLP**
100 Park Avenue, 16th Floor, New York, NY 10017
Telephone: 646-366-0880 / Facsimile: 646-366-1384
www.mccallionlaw.com

**Kenneth F. McCallion**
kfm@mccallionlaw.com
Direct Dial: 646-366-0884

VIA EMAIL
CrottyNYSDChambers@nysd.uscourts.gov
Marlon_Ovalles@nysd.uscourts.gov

September 5, 2013

Honorable Paul A. Crotty
U.S.D.C. for the S.D.N.Y.
United States Courthouse
500 Pearl Street, Chambers 735
New York, New York 10007-1312

    Re: Universal Trading & Investment Co., Inc. v. Tymoshenko, et al,
       11-cv-7877 (PAC)

Dear Judge Crotty:

    We represent defendant Tymoshenko in the above-referenced matter. As a follow-up to the letter dated September 3, 2013 sent to you by counsel for co-defendant Andre Vavilov, this is to request that the Court designate one briefing schedule for both motions to dismiss that the two defendants intend to file. We believe that such a unified briefing schedule will further the interests of judicial economy.

    We further request that Ms. Tymoshenko's time to answer or otherwise respond to the amended complaint be extended until such time as the Court orders a briefing schedule. Ms. Tymoshenko's continues to be gravely ill, and the undersigned counsel continues to encounter significant difficulties in communicating with her, which, due to her continued incarceration in Ukraine, must necessarily be conducted largely through her Ukraine counsel and other third parties.

Respectfully yours,

Kenneth F. McCallion

cc: George A. Lambert, Esq. (LawDC10@aol.com)
    Peter A. Joseph, Esq. (peter.joseph72@post.harvard.edu)
    Matthew P. Feser, Esq. (MF@salisburyryan.com)
    James Golden, Esq. (goldenjp@hamburg-golden.com)

George Lambert, Esq.
Law Offices of Leonard Suchanek
1025 Connecticut Ave., 1000 NW, Washington, D.C.
Tel. (202) 640 1897; fax (800) 952 1950

**The Honorable Paul A. Crotty**
**U.S. District Judge,**
**U.S. District for the Southern District of New York**

September 5, 2013

Re.: <u>Universal Trading & Investment Co., Inc. v. Yulia Tymoshenko et al.</u>
1:12-cv-07877(PAC);

**Response to letter re. Motion to Dismiss, of September 2, 13 of Defendant Andrey Vavilov**

Your Honor:

This letter is submitted for Plaintiff in response to the letter of counsel for Defendant Andrey Vavilov ("Defendant"), dated September 3, 2013.

Defendant is seeking leave to file a Motion to Dismiss, due on September 9, 2013.

Plaintiff Universal Trading & Investment Co., Inc. ("Plaintiff") has no objections as to Defendant filing a Motion to Dismiss.

Since it is Defendant's right to file a dispositive motion at the time of the initial response to the pleading, in Plaintiff's view, there is no need in a pre-motion conference.

Plaintiff abstains from responding to Defendant's argument in its letter dated September 3, 2013, other than noting that it disagrees with essentially every point therein. However, once the Motion to Dismiss is filed, Plaintiff will address Defendant's argument point by point, in due course.

Respectfully submitted.

George Lambert, Esq. /"s"/ _[signature]_

United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
By e-mail of Chambers

Copies to counsel for defendants:
Kenneth McCallion, Esq. (kfm@mccallionlaw.com)
McCallion & Associates LLP
100 Park Ave., 16th Floor
New York, NY 10017
Phone: 646-366-0884

James P. Golden
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103
215-255-8593 (Office)
215-255-8583 (Fax)
goldenjp@hamburggolden.com


Back copy to co-counsel for plaintiffs:
Peter A. Joseph (peter.joseph72@post.harvard.edu)
Law Office of Peter A. Joseph
177 Waverly Place #5F, New York, NY 10014

George Lambert, Esq.
Law Offices of Leonard Suchanek
1025 Connecticut Ave., 1000 NW, Washington, D.C.
Tel. (202) 640 1897; fax (800) 952 1950

**The Honorable Paul A. Crotty**
**U.S. District Judge,**
**U.S. District for the Southern District of New York**

September 6, 2013

**Re.: Universal Trading & Investment Co., Inc. v. Yulia Tymoshenko et al.**
**1:12-cv-07877(PAC);**

**Response to letter re. Motion to Dismiss, of September 5, 13**
**of Defendant Yulia Tymoshenko**

Your Honor:

This letter is submitted for Plaintiff Universal Trading & Investment Co., Inc. ("Plaintiff") in response to the letter of counsel for Defendant Yulia Tymoshenko ("Defendant"), dated September 5, 2013. Said Defendant is seeking to designate one briefing schedule for two Defendants.

Plaintiffs do not understand that letter and the relief sought by said Defendant, because there exists the briefing schedule for both Defendants, towit:

Defendant Yulia Tymoshenko's filing the Motion to Dismiss, pursuant to the endorsement of the Court, is due on September 6, today; and

Defendant Andrey Vavilov's Motion to Dismiss, likewise pursuant to the endorsement of the Court, is due on September 9, 2013 (on Monday, only after two weekend days).

Therefore, the filing of both Motions to Dismiss is nearly simultaneous, with the remainder of the schedule governed by the Local Rules and, where required, by the Individual Practices of this Court.

Therefore, Plaintiff submits that there are two filing days, today and on Monday, that Defendants have themselves sought and obtained the Orders for, accordingly. Defendants had ample time to get prepared for, and they should file their Motions, as scheduled and ordered.

With respect to, particularly, Defendant Tymoshenko, she had ample time, since June 4, 2013, to respond to the Amended Complaint and she had already more than 2 additional months

United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
By e-mail of Chambers

Copies to counsel for defendants:
Kenneth McCallion, Esq. (kfm@mccallionlaw.com)
McCallion & Associates LLP
100 Park Ave., 16th Floor
New York, NY 10017
Phone: 646-366-0884

James P. Golden
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103
215-255-8593 (Office)
215-255-8583 (Fax)
goldenjp@hamburggolden.com

Back copy to co-counsel for plaintiffs:
Peter A. Joseph (peter.joseph72@post.harvard.edu)
Law Office of Peter A. Joseph
177 Waverly Place #5F, New York, NY 10014