# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., INC.<br><br>V.<br><br>YULIA TYMOSHENKO<br>ALEXANDER TYMOSHENKO<br>ANDREY VAVILOV<br><br>and DOES from 1 to 10 | CIVIL ACTION<br>NO. 11-CV-7877 (PAC) |

## DECLARATION OF ANDREY VAVILOV

I, Andrey Vavilov, declare:

1. I am a defendant in this action. I have personal knowledge of the facts set forth in this declaration, and submit this declaration in support of my motion to dismiss the amended complaint for lack of personal jurisdiction.

2. There is no basis for personal jurisdiction over me in New York.

3. I am a citizen of Russia.

4. I reside in Russia, with official registration of residence pursuant to Russian laws in Zhukovka village, in the Moscow region.

5. I do not now, nor have I ever, resided in the state of New York.

6. I did not purchase or use, directly or indirectly, any apartment or other real estate in New York, in

or around 1997, as alleged in the amended complaint at ¶¶ 5, 11, and 62.

7. Before 2007, I was never the grantor of any trust that indirectly purchased any real estate in New York.

8. The allegations in the amended complaint (¶¶ 5, 11, and 62) that I used $5 million of $10 million from the Tymoshenkos (or other persons or entities, the complaint is not clear) to purchase an apartment in New York in or around 1997 are completely false. I did not receive $10 million as alleged; and I did not purchase, directly, indirectly, in whole or in part, as grantor of a trust that indirectly owns a purchaser, or otherwise, any real estate in New York prior to 2007, and then my indirect connection was as the grantor of a non-United States trust that indirectly owned the purchaser.

9. I never had a direct ownership interest in Penthouse 2009, Inc. or Penthouse 2011, Inc., each of which became an inactive New York corporation in 2008. I was the grantor of a non-United States trust that indirectly owned Penthouse 2009, Inc. and Penthouse 2011, Inc.

10. Contrary to the allegations in paragraph 203 of the amended complaint, Penthouse 2009, Inc. and Penthouse 2011, Inc. did not purchase any apartments in New York at the Plaza Condominium Residences, or anywhere else, in 2009, or at any other time. Although both entities entered into purchase

agreements for apartments at the Plaza in 2007, neither purchase transaction ultimately closed. After litigation, to which I was a named defendant party and made a similar motion to dismiss for lack of personal jurisdiction, one of the two Plaza units was purchased in 2009, by Hayling Island, Inc., the successor by merger of Penthouse 2009, Inc. and Penthouse 2011, Inc. I was not a party to the contracts in 2007 or 2009 for the Plaza condominiums.

11. I never had a direct ownership interest in Hayling Island, Inc., a New York corporation which became inactive in February 2013. I was the grantor of a non-United States trust that indirectly owned Hayling Island, Inc.

12. Hayling Island, Inc. sold the Plaza condominium apartment to an unrelated third-party in or around June 2009.

13. In 2007, TW70B, Inc. purchased a condominium in the Time Warner building. I was not a party to the purchase agreement for that condominium. In October 2010, the successor of TW70B, Inc. sold the condominium (unit 70B) at the Time Warner building to an unrelated third-party.

14. I never had a direct ownership interest in TW70B, Inc., a New York corporation which became inactive in 2010. I was the grantor of a non-United States trust that indirectly owned TW70B, Inc.

3

15. The complaint alleges in paragraph 203 that I bought a penthouse in the Time Warner building for $37.5 million and that I reside in this penthouse. This is not correct.

16. In 2009, Southerndown, Inc., a New York corporation, purchased a penthouse for $37.5 million in the Time Warner building. I was the grantor of a non-United States trust that indirectly owns Southerndown, Inc. I was not a party to the contract for sale.

17. Penthouse 2009, Inc., Penthouse 2011 Inc., Hayling Island, Inc., TW70B, Inc. (during the time when they were active corporations), and Southerndown, Inc. are/were all owned by various non-United States companies, which in turn are/were ultimately owned by a non-United States trust, which I funded and of which I am one of the beneficiaries.

18. I have access to and use the Time Warner penthouse apartment when I visit New York, but I do not personally own the apartment or reside there.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2013.

_____
Andrey Vavilov