UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., INC.<br><br>    Plaintiff<br><br>  -vs-<br><br>YULIA TYMOSHENKO;<br>ALEXANDER TYMOSHENKO;<br>ANDREY VAVILOV<br><br>and DOES from 1 to 10<br><br>    Defendants | CIVIL ACTION<br>DOCKET No. 11-cv-7877 (PAC)<br><br><br>**DECLARATION OF ROMAN PLYAMOVATY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

I, ROMAN A. PLYAMOVATY, AFFIRM AND DECLARE:

1.      I am, and have been since commencement of this action, member of the Board of directors of Plaintiff Universal Trading & Investment Co. ("UTICo"), a Massachusetts corporation that engages in international business and consulting and has its principal place of business in Massachusetts.

2.      By way of my background, I have advanced degrees in linguistics and engineering.  Before UTICo, I had worked for about 15 years at one of the divisions of General Electric, Inc.   Since 1996 I have been a member of the Board of Plaintiff UTICo.

3.      I was requested by the Board of UTICo to organize the investigation of the facts concerning Defendant Andrey Vavilov aka Andrei Vavilov ("Vavilov") in this action and to submit those to this Court, including the civil court records, the records of the U.S. Government in its court actions, public data basis and the media publications.

1

4.      Exhibit 1 represents a true and correct copy of the record of National Westminster Bank on wire transfer of $10 million to New York, from the account of United Energy International Ltd. (parent of United Energy Systems of Ukraine, judgment debtor) to the account in New York at Republic National Bank, debited on April 1, 1997.  That record is from the U.S. Government's investigation in the matters concerning Pavlo Lazarenko.

5.      The above transfer to New York was made to the sub-account in the name of Angora Management Ltd. (incorporated in the Bahamas), on the correspondent account of Louis D'Or Investment Bank (Barbados) at the Republic National Bank in New York.

6.      Exhibit 2 represents a true and correct copy of the instruction to United Energy International Ltd. to make the above wire transfer for $10 million in the name of Somolli Enterprises Ltd., incorporated in Cyprus, followed by the signatures cards of its owners, Yulia Tymoshenko, Alexander Tymoshenko and their nominee Alexander Gravets.

7.      It is followed by the records and charts of the U.S. Government in the criminal case of Lazarenko (00cr0284, CAND, U.S. District Court), showing, in a summarized form, that UESU's proceeds were gained through illegal means and were routed, among other purposes, as kickbacks to Lazarenko.

8.      Exhibit 3 represents a true and correct copy of the article published by a media source "Who Threatens Kuchma?", the originally published by Mosovsky Komsomolets newspaper in Moscow, March 21, 2001 (reprinted by Agency of Federal Investigations and dozens of other media).

9.      The article identifies Vavilov's trustee for acquiring Louis d'Or Investment Bank (Bahamas) Nadezhda Kossareva (acquired for $8 million) and further states: "Shortly after the Barbados transfer, two apartments were purchased, in New York on Kennedy Avenue and in

London, on Chechin Street, for $5 million and &6.5 million respectively.  These apartments are those in which, while being overseas, the now former first deputy Finance Minister (Vavilov) stays on his trips overseas."

10.     I have investigated the informational reliability of the Moskovsky Komsomolets newspaper.  It is one of the oldest Russian newspapers founded in 1919, whose circulation, in a print copy, peaked at 700,000 copies a day.  It is ranked as the 7th most read newspaper (currently largely on the Internet) in Russia, and it is considered to be one of the most reliable media sources in Russia.

11.     I have made inquiries showing that Vavilov never challenged that article and the newspaper in the courts and did not attempt to contest the veracity of the information in that article.

12.     My office's review of the property in New York shows that there is Kennedy Ave, Rockville Centre, NY 11570, in proximity of New York City.  There is also Corporal Kennedy Street, Bayside, NY 11361 (Queens).  There are also several other Kennedy Avenues and Streets in the State of New York.  The precise address of the property can be identified, if jurisdictional discovery were allowed, at Vavilov's deposition, where he stayed during his trips to New York, investigating the chain of title.

13.     Exhibit 4 represents a true and correct copy of the ruling in the matter in this Court, *Southernpoint Inc. v. HSS LLC*, SDNY, 11 Civ. 8619, of January 12, 2012 (The Hon. Griesa).

14.     Exhibit 5 represents a true and correct copy of the Petition to affirm arbitration award, *Southernpoint Inc. v. HSS LLC*, SDNY, 11 Civ. 8619, in this Court.

15.     Exhibit 6 represents a true and correct copy of the arbitration award for

Southernpoint Inc., against HSS LLC, contract with HSS, Nov. 17, 2011.

16.     Exhibit 7 represents Docket sheet in *Southernpoint Inc. v. HSS LLC*, SDNY, 11

Civ. 8619, (The Hon. Griesa).

17.     Exhibit 8 represents a true and correct copy of the Affidavit and Summons in

*Plaza Residential et al. v. Penthouse 2009, 2011, Vavilov*, 8112706/08 Supr. C. NY.

18.     Exhibit 9 represents a true and correct copy of the Agreement between Penthouse

2009 Inc. and Plaza Residential Owners.

19.     Exhibit 10 represents a true and correct copy of the Agreement between

Penthouse 2011 Inc. and Plaza Residential Owners.

20.     Exhibit 11 represents a true and correct copy of the Complaint and transfer to the

Commercial Division in the action *Plaza Residential et al. v. Penthouse 2009, Penthouse 2011,*

*Andrey Vavilov*, in the Supreme Court in New York.

21.     Exhibit 12 represents a true and correct copy of the Memorandum concerning

jurisdiction, *Plaza Residential v. Penthouse 2009, 2011*, Vavilov, 8112706/08, Supr. C. NY.

22.     Exhibit 13 represents a true and correct copy of the Memorandum for Defendants,

*Plaza Residential v. Penthouse 2009, 2011, Andrey Vavilov*, docket 8112706/08, Supr. C.  NY.

23.     Exhibit 14 represents a true and correct copy of the Summons in *Plaza PH2001*

*LLC v. Plaza Residential Owner*, docket 602673/08, Supr. C. NY.

24.     Exhibit 15 represents a true and correct copy of the Cross-Motion for

Jurisdictional Discovery in the action, *Plaza v. Penthouse 2009, 2011, Vavilov*, docket

8112706/08 Supr. C. NY.

25.     Exhibit 16 represents a true and correct copy of Plaintiffs' Interrogatories, in the action *Plaza v. Penthouse 2009, 2011, Vavilov*, docket 8112706/08, Supr. C. NY.

26.     Exhibit 17 represents a true and correct copy of Plaintiffs' Requests for Production, *Plaza v. Penthouse, Vavilov*, docket 8112706/08 Supr. C. NY.

27.     Exhibit 18 represents a true and correct copy of Notice of Vavilov's Deposition, *Plaza v. Penthouse, Vavilov*, docket 8112706/08 Supr. C. NY.

28.     Exhibit 19 represents a true and correct copy of the Complaint in the action *Penthouse 2009, Penthouse 2011 v. Plaza Residential et al.*, Supr. C. NY.

29.     Exhibit 20 represents a true and correct copy of the article in The New York Times, "From Russia With Cash: Seeding a Hedge Fund", published on Sept. 23, 2007.

30.     Exhibit 21 represents a true and correct copy of the sample of reduced reprints of article "From Russia With Cash: Seeding a Hedge Fund".

31.     Exhibit 22 represents a true and correct copy of the corporate records, from the New York State Division of corporations, concerning Southerndown Inc.

32.     Exhibit 23 represents a true and correct copy of the representative press coverage on the interview of a Russian banker, Alexandre Lebedev, on laundering $1 billion through Louis d'Or Bank, June 1, 2011.

33.     Exhibit 24 represents a true and correct copy of the sample of article on Vavilov's buying $53.3 million properties at the Plaza.

34.     Exhibit 25 represents a true and correct copy of the article "Andrei Vavilov Calls $53.5M Plaza Hotel Penthouse "Attic-Like," Sues".

35.     Exhibit 26 represents a true and correct copy of the sample of media coverage of Vavilov's Plaza transactions, overseas (The Telegraph, U.K.).

36.     Exhibit 27 represents a true and correct copy of the press coverage media, 4 & New York, "The Plaza Fights Back Against Andrei Vavilov", <u>NY Magazine Daily</u>.

37.     Exhibit 28 represents a true and correct copy of <u>The New York Times</u> article, "Big Deal: Pooh to the Plaza", July 2, 2009, Realty Section.

38.     Exhibit 29 represents a true and correct copy of the article in <u>the New York Observer</u>, "The Plaza's Big Russian Foe Has His Price: $12.5 M".

39.     Exhibit 30 represents a true and correct copy of <u>the NY Magazine</u>, "After Suits, Countersuits, and Settlement, Vavilov Buys Into Plaza Anyway".

40.     Exhibit 31 represents a true and correct copy of the article "Russian Financier Andrei Vavilov Sues Plaza Over Tiny Windows, Ugly Air Conditioners".

41.     Exhibit 32 represents a true and correct copy of the article in the New York Observer, "Meet Andrei Vavilov! Litigious Plaza Penthouse Buyer".

42.     Exhibit 33 represents a true and correct copy of the article "Plaza-Destroying Oligarch Andrei Vavilov Moves On to Time Warner Center".

43.     Exhibit 34 represents a true and correct copy of the article "Agency of Federal Investigations: "He Leaves in American Style".

44.     Exhibit 35 represents a true and correct copy of the article in <u>The New York Observer</u>, "Curtains on Eloise! Vavilov Exits Long, Strange Plaza Penthouse Trip".

45.     Exhibit 36 represents a true and correct copy of the article "Senator Vavilov Moved to New York: Now I Sleep Calmly", Gazeta.ru, of September 27, 2007.

46.     Exhibit 37 represents a true and correct copy of the article "Supreme Court Decided Bringing Vavilov to Criminal Liability Lawful", of February 14, 2007.

47.     Exhibit 38 represents a true and correct copy of the article "Vavilov Felt Ill".

48.     Exhibit 39 represents a true and correct copy of the article "FBI Wants Yeltsin and Chernomyrdin's Evidence After Questioning Senator Vavilov".

49.     Exhibit 40 represents a true and correct copy of the article "Supreme Court Found Lawful Bringing Vavilov to Criminal Liability", article of January 20, 2012.

50.     Exhibit 41 represents a true and correct copy of the article "From Senate to Prison.  Cases with Vavilov that Were Suspended", MK of February 14, 2007.

51.     Exhibit 42 represents a true and correct copy of the article "The Plaza Begins Settling Its Penthouse Problems".

52.     Exhibit 43 represents a true and correct copy of the article "Anything but roulette, how Russian billionaires wheel and deal for NYC real estate".

53.     Exhibit 44 represents a true and correct copy of the article: "Andrey Vavilov, Where the Russians Live With Their Billions in New York City".

54.     Exhibit 45 represents a true and correct copy of the expert's chart (Government's expert Charles Tonna) concerning the summary of the transactions, involving United Energy International Ltd. and Somolli Enterprises, Ltd., along with the Government's Motion to admit the supporting banking records (the Motion was granted).

I declare under the penalties of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 7, 2013

*Roman Plyamovaty*

Roman A. Plyamovaty