# **HAMBURG & GOLDEN, P.C.**
Attorneys

1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
goldenjp@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Jodi S. Wilenzik
Maureen P. Holland

Writer's Direct Dial:
215-255-8593

December 5, 2013

Honorable Paul A. Crotty
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

> Re:  Universal Trading & Investment Co., Inc. v. Tymoshenko, et al., 11-cv-7877 (PAC)  Vavilov's Opposition To Plaintiff's Pre-Motion Conference Letter Requesting Leave To File Motion For Jurisdictional Discovery

Dear Judge Crotty:

Matthew Feser and I represent defendant Andrey Vavilov.  Pursuant to Your Honor's Individual Practices, Rule 3.C, Vavilov submits this opposition to plaintiff Universal Trading & Investment Co., Inc.'s ("Universal Trading's") December 2, 2013, pre-motion conference letter requesting leave to file a motion for jurisdictional discovery.

Universal Trading's request to move for permission to take jurisdictional discovery should be denied because the request is premature given that there are solid non-jurisdictional grounds for this Court to dismiss the amended complaint.

Vavilov moved to dismiss all five counts against him: Count I - Judgment Debt Recovery Relief Under Turnover Statute; Count III - Unjust Enrichment; Count IV  - Constructive Trust And Equitable Lien; Count V - Fraudulent Conveyances; and Count VI - Civil Conspiracy (Dkt 54, 55, 56).  Not only did Vavilov move to dismiss on the grounds that this Court lacks personal

Honorable Paul A. Crotty
December 5, 2013
Page -2-

jurisdiction over Vavilov, but also because all counts are time-barred by 13 years and fail substantively as well.  Universal Trading brought this action 16 years after the cause of action accrued and the statute of limitation on the claims is 3 years.  Mass. Gen Laws ch. 260, § 2A.  <u>Universal Trading v Credit Suisse</u>, 2012 WL 6186598 (S.D.N.Y. Dec. 12, 2012) (Crotty, J.).

      At the risk of stating the obvious, Universal Trading has filled the courts with litigation for almost 20 years and the reported decisions make evident that anything Universal Trading and Mr. Lambert suggest should be viewed with suspicion.  To allow a motion at this time to request jurisdictional discovery would contribute to Universal Trading's judicial waste.

      There is ample jurisdictional information, including two uncontroverted declarations submitted in support of Vavilov's motion to dismiss, and existing jurisdictional evidence submitted by Universal Trading, for this Court to fairly consider the dismissal of the amended complaint against Vavilov for lack of jurisdiction.[1]  More important now, however, a motion for jurisdictional discovery should be postponed, and should only be *considered* if Your Honor has determined *not* to dismiss the amended complaint on any of the non-jurisdictional grounds.  Otherwise, jurisdictional discovery and the determination of jurisdiction is unnecessary and wasteful.

                      Respectfully,

                        */s/ James P. Golden*

                      JAMES P. GOLDEN

JPG:st

cc:   George A. Lambert, Esquire
      Peter A. Joseph, Esquire
      Kenneth F. McCallion, Esquire
      Matthew P. Feser, Esquire

---

[1] As we have argued in our reply memorandum, *most* of the material Universal Trading submitted in opposition to Vavilov's motion is outside what a court may consider, but sufficient jurisdictional evidence does exist for the fair consideration of Vavilov's motion to dismiss on jurisdictional grounds.