UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNIVERSAL TRADING & INVESTMENT CO.,
INC.,

        Plaintiff,

    -against-

YULIA TYMOSHENKO, ALEXANDER
TYMOSHENKO, ANDREY VAVILOV, and
DOES 1 to 10,

        Defendants.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-17-14

11 Civ. 7877 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    This case arises out of a default judgment Universal Trading and Investment Co., Inc. ("Universal Trading") obtained against United Energy Systems of Ukraine, PFG ("United Energy") in the U.S. District Court for the District of Massachusetts on July 7, 2005. *See United Energy Sys. of Ukraine, PFG v. Univ. Trading & Inv. Co., Inc.*, Registration of Foreign Judgment, No. 11-mc-249-P1 (S.D.N.Y. July 19, 2011), Dkt. No. 1. On December 12, 2012, this Court dismissed Universal Trading's complaint, which sought to collect the judgment debt from Yulia Tymoshenko ("Tymoshenko"), a Ukranian national and former president of United Energy. *See Universal Trading & Inv. Co., Inc. v. Tymoshenko*, 11 Civ. 7877, 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012). Specifically, the Court held that it lacked personal jurisdiction over Tymoshenko because Universal Trading failed to allege that any of her agents acted in New York on her behalf or that she had conducted business in New York. On January 10, 2013, the Court granted Universal Trading leave to amend its complaint, pursuant to Fed. R. Civ. P. 59(e), to add "New York agents as co-defendants, which may cure any defects of asserting jurisdiction under RICO." *See* Opinion & Order, ECF No. 37, at 3. "Only

amendments related to its RICO cause of action," however, were allowed. *Id.*

On June 4, 2013, Universal Trading filed its Amended Complaint. The Amended Complaint is now double in length, includes previously dismissed claims against Tymoshenko, and seeks recovery of a second default judgment, against Bassington Inc., which the Court expressly prohibited. *See* Opinion & Order, ECF No. 37, at 2 & n.1. Remarkably, the only permitted amendment—the addition of agents as co-defendants to the RICO claim—was not made. Instead, Universal Trading added claims against Andrey Vavilov ("Vavilov"), an "agent for the racketeering enterprise," for judgment debt recovery, unjust enrichment, civil conspiracy, constructive trust, and fraudulent conveyance. *See* Am. Compl. ¶ 5.[1] Universal Trading alleges that the Tymoshenkos engaged in a conspiracy with Vavilov and others, in 1996 and 1997, to convert $450 million in United Energy's debt settlements. *See id.* Specifically, on March 30, 1997, the Tymoshenkos paid a $10 million bribe to Vavilov, which he then used to purchase a $5 million apartment in New York. *See id.* ¶¶ 59-62. Although Universal Trading did not add Vavilov as a co-defendant to its RICO claim, it claims that the Court has personal jurisdiction over Vavilov, thereby curing the jurisdictional defect in its RICO claim against Tymoshenko.

As a preliminary matter, Universal Trading was only permitted to amend the RICO cause of action. *See* Opinion & Order, ECF No. 37, at 3. Since Universal Trading added a myriad of other claims, those allegations are struck from the Amended Complaint. *See* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . on its own . . . ."). The Court will only consider whether the new

---

[1] Universal Trading also added claims against Defendant Alexander Tymoshenko, a "member of the racketeering enterprise," *see* Am. Compl. ¶ 4, and John Does 1-10. It appears, however, that Alexander Tymoshenko has not been served.

2

allegations pertaining to Vavilov's role in the alleged RICO enterprise are sufficient to assert personal jurisdiction over Tymoshenko under RICO.[2]

Section 1965 of RICO provides that "[a]ny civil action . . . under this chapter . . . may be instituted in the district court . . . for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). In other words, this section "grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs." *See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998). Here, Tymoshenko neither resides nor transacts her affairs in the Southern District of New York. *See Universal Trading & Inv. Co., Inc.*, 2012 WL 6186471, at *2-3; *see* Am. Compl. ¶ 3. Thus, the Court only has personal jurisdiction under RICO if Tymoshenko has an agent in New York.

Universal Trading fails to sufficiently allege that Vavilov acted as an agent of the racketeering enterprise. "Agency is a fiduciary relationship under which the principal agrees that the agent will act on the principal's behalf, subject to the principal's control, and the agent consents to do so." *Pincione v. D'Alfonso*, No. 10 Civ. 3618, 2011 WL 4089885, at *5 (S.D.N.Y. Sept. 13, 2011). Universal Trading relies on one allegation to demonstrate that Vavilov is Tymoshenko's agent: Vavilov was transferred a $10 million bribe over sixteen years ago. *See, e.g.*, Am. Compl. ¶¶ 11, 53-64, 202. But Universal Trading does not allege who transferred Tymoshenko the money, why they did so, or how this "could have been intended to prevent collection of a judgment that had not yet occurred." *See Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) Ltd.*, No. 12 Civ. 0198, 2012 WL 6186598, at *4 (S.D.N.Y. Dec.

---

[2] Since the Court instructed Universal Trading to add co-agents only as RICO Defendants, the Court will not consider whether it has personal jurisdiction over Vavilov under the non-RICO claims.

12, 2012).³ Furthermore, the jurisdictional requirements of Section 1965(a) are "time sensitive." *Pincione*, 2011 WL 4089885, at *5. "It is not sufficient that a defendant had, at some point in time, an agent in the forum; rather, he must have an agent in the jurisdiction on the day the complaint is filed." *Id.* Regardless of Vavilov's current residency, *see* Am. Comp. ¶¶ 5, 202-04, Universal Trading presents no reason to believe that Vavilov—sixteen years later—is still "acting in the interests of Tymoshenko," *see id.* ¶ 204. Since Universal Trading fails to allege that Vavilov was an agent for Tymoshenko, it cannot assert personal jurisdiction under RICO on this basis.⁴

Accordingly, the Court GRANTS Tymoshenko and Vavilov's motions to dismiss for lack of personal jurisdiction with prejudice. Pursuant to Federal Rule of Civil Procedure 4(m), the Court will dismiss the claims against Defendant Alexander Tymoshenko on June 30, 2014 unless Universal Trading establishes that he has been served or good cause for its failure to do so.

Dated: New York, New York
June 16, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

³ Universal Trading also fails to state a claim against Vavilov under Rule 12(b)(6) for these reasons. Universal Trading fails to sufficiently connect the alleged "bribe" to its RICO cause of action. Such a bare allegation without any factual support does not establish a plausible claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

⁴ Universal Trading also identifies four other agents allegedly in New York. *See id.* ¶ 10 (Alex Rovt, Imre Pakh, Igor Boyko, and Alexandre Levtchenko). But Universal Trading presents no connection between their alleged activity in the 1990s and any frustration of a judgment rendered in 2005. Thus, these individuals do not constitute "agents" for purposes of personal jurisdiction under RICO.