# HAMBURG & GOLDEN, P.C.
Attorneys

1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
goldenjp@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Jodi S. Wilenzik
Maureen P. Holland

Writer's Direct Dial:
215-255-8593

July 9, 2014

**FILED ON ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      Re:  Universal Trading & Investment Co., Inc. v.
           Tymoshenko, et al., 11-cv-7877 (PAC)
           Vavilov's Opposition To Plaintiff's July 3, 2014,
           <u>Pre-Motion Conference Letter (Letter, Dkt. 80)</u>

Dear Judge Crotty:

      Matthew Feser and I represent defendant Andrey Vavilov.  Pursuant to Your Honor's Individual Practices, Rule 3.D, Vavilov submits this opposition to plaintiff Universal Trading & Investment Co., Inc.'s ("Universal Trading's") July 3, 2014, pre-motion conference letter requesting leave to file a Rule 59(e) motion to alter the June 17, 2014, Order granting Vavilov's and Yulia Tymoshenko's motions to dismiss for lack of personal jurisdiction, and other grounds, with prejudice.  (June 17, 2014, Order, Dkt. 77, p. 4 and note 3.)

      Because Universal Trading's proposed Rule 59(e) motion is premature and any reconsideration motion untimely, this Court should deny Universal Trading's request for a pre-motion conference, and refuse to permit Universal Trading's motion.  Universal Trading's pre-motion letter is:

           (1) **Too early** — Judgment has not yet been entered under Fed. R. Civ. P. 54.  This Court's June 17, 2014, Order dismissed the claims as to fewer than all defendants and the Court has not yet directed the Clerk to enter judgment.  The existence of a judgment is a prerequisite to a motion under Rule 59(e) to

Honorable Paul A. Crotty
July 9, 2014
Page -2-

>alter or amend a judgment.  Universal Trading's request to file a Rule 59(e) motion is premature;
>
>(2) **Unnecessary** — Without a judgment entered from which to file a Rule 59(e) motion, Universal Trading's anticipated motion might be one for reconsideration, which does not require a pre-motion conference pursuant to Your Honor's Individual Practice Rule #3.A.  The request for a conference is not proper; and
>
>(3) **Too late** - Universal Trading's 14-day deadline for filing a motion for reconsideration of this Court's June 17, 2014, Order expired on July 1, 2014 (Local Civil Rule 6.3).  Universal Trading allowed the July 1, 2014, deadline to pass without filing a motion for reconsideration, which is probably why Universal Trading chose to label its anticipated motion a Rule 59(e) motion notwithstanding the absence of a judgment.

Universal Trading should not be permitted to file its proposed meritless, repetitive, untimely motion seeking to raise arguments on issues that have been fully considered by this Court, and as to which the futility is readily apparent, except perhaps to Mr. Lambert whose conflicted positions as both president of Universal Trading, and its counsel, seem to somehow preclude his acceptance of the concept of the finality of litigation.

The amended complaint against Vavilov was dismissed with prejudice.  Universal Trading fails to identify a single ground for amendment, alteration, or reconsideration as to *Vavilov's* dismissal with prejudice.  The articulated bases have nothing to do with personal jurisdiction, as revealed by the fact that the words "personal jurisdiction" do not appear in Universal Trading's pre-motion letter, as if it fails to understand the grounds for dismissal.  Instead, Universal Trading suggests that its motion will focus on *the form of the Order, how Your Honor chose to articulate its decision, its length, and what was and what was not articulated.*  According to Universal Trading:

>There are substantial grounds, in Plaintiff's view, for its filing a Rule 59(e) Motion, particularly in light that the Order of June 17, 2014 is very brief (on 4 pages), leaving many issues, with all due respect, unclear to Plaintiff. (Dkt. 80, at p. 1).

Honorable Paul A. Crotty
July 9, 2014
Page -3-

Universal Trading has not and cannot point to anything "that might reasonably be expected to alter the conclusion reached by the court." Devinsky v. Kingsford, 2008 WL 2704338, * 1 (S.D.N.Y. July 10, 2008).

> The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically-or not-to arguments made by the parties.  The Supreme Court provides guidance on the issue of what an opinion must include:
>
>> The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances.  Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of the motion while relying upon context and the parties' prior arguments to make the reasons clear.  The law leaves much, in this respect, to the judge's own professional judgment.

Devinsky, 2008 WL 2704338 at * 3 (quoting Rita v. U.S., 127 S. Ct. 2456, 2458 (2007)).

Vavilov requests that this Court enter final judgment against Universal Trading and in favor of Vavilov because "there is no just reason for delay" under Rule 54(b), and deny post-judgment motions, none of which could possibly have any merit and all of which would be futile.

Respectfully,

*/s/ James P. Golden*

JAMES P. GOLDEN

JPG:jch
cc: George A. Lambert, Esquire (by email and regular mail)
    Peter A. Joseph, Esquire (by email and regular mail)
    Kenneth F. McCallion, Esquire (by email and regular mail)